UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO. 06-61

ANTHONY WAYNE WENTWORTH, PETITIONER,

v. **OPINION AND ORDER**

STEVE HANEY,
*Warden, Northpoint Training Center*, RESPONDENT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on Petitioner's Motion for Leave to Proceed *In Forma Pauperis* on Appeal [Rec. No. 17] and Motion to Appoint Counsel [Rec. No. 18]. For the reasons stated below, the Court DENIES the motions.

On February 2, 2007, the Court entered an order [Rec. No. 15] adopting the Report and Recommendation of the Magistrate Judge recommending that Wentworth's Petition for Writ of Habeas Corpus be denied as to each issued raised. Furthermore, the Order stated that a certificate of appealability should not be issued.

To obtain the required certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For all the reasons stated in the Report and Recommendation, the Court concludes that reasonable jurists would not find the district court's assessment of the

constitutional claims debatable or wrong.

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The term "good faith" within the statute means not frivolous. *Coppedge v. U.S.*, 369 U.S. 438, 445 (1962). After review, the Court determines that any appeal from the decision denying Petitioner's application for writ of habeas corpus would be frivolous, thus, Petitioner may not proceed *In Forma Pauperis* on Appeal.

Furthermore, Wentworth has failed to comply with the requirements of Federal Rule of Appellate Procedure Rule 24(a)(1), which provides:

> Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.

Form 4 provides that a prisoner "must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in [the prisoner's] institutional accounts." Petitioner has attached a financial affidavit stating that he is without sufficient financial means to proceed with an appeal. However, Wentworth has failed to comply with the requirements of Fed. R. App. P. 24(a)(1) because he failed to attach a statement certified by the appropriate institutional officer and failed to state the issues that he intends to present on appeal.

Since the Court has denied the Motion to Proceed *In Forma Pauperis*, the Court will likewise deny the Motion to Appoint Counsel.

Accordingly, the Court, being otherwise sufficiently advised hereby **ORDERS** that:

(1) Petitioner's Motion for Leave to Proceed *In Forma Pauperis* on Appeal [Rec. No. 17] is **DENIED**;

(2) Petitioner's Motion to Appoint Counsel [Rec. No. 18] is **DENIED**;

(3) this matter is stricken from the active docket of this Court.

This the 7th day of March, 2007.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge